UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

WILLIAM ZUSCHIN,

    Petitioner,                                     Civ. Case No.: 8:16-cv-1362-T-24MAP
                                                                 Cr. Case No.: 8:94-cr-220-T-24MAP

vs.

UNITED STATES OF AMERICA,

    Respondent.
_____/

## ORDER

This cause comes before the Court on Petitioner William Zuschin's *pro-se* motion to vacate, set aside, or correct an allegedly illegal sentence pursuant to 28 U.S.C. § 2255. (Civ. Dkt. 1; Cr. Dkt. 3000). Because review of the motion and the file and records of the case conclusively show that Petitioner is not entitled to relief, the Court will not cause notice thereof to be served upon the United States but shall proceed to address the matter. 28 U.S.C. § 2255(b).

### I.    BACKGROUND

On August 28, 1995, a jury found Petitioner guilty on counts 3, 19, 23, 29, 34, 35, 37 and 42 of the Second Superseding Indictment, which included charges for possession with the intent to distribute cocaine and marijuana, distribution of cocaine, conspiracy to possess with the intent to distribute controlled substances, and convicted felon in possession of a firearm. (Cr. Dkt. 1046). On December 20, 1995, this Court sentenced Petitioner to 360 months incarceration as to counts 3, 19, 23, 29, 34, 35, and 42 and 120 months incarceration as to count 37 to run concurrently. (Cr. Dkts. 1300, 1314). Petitioner was sentenced as a career offender, but was not sentenced under the Armed Career Criminal Act (ACCA). Petitioner filed a direct appeal and the Eleventh Circuit affirmed his conviction and sentence. (Cr. Dkt. 2497).

On May 31, 2016, Petitioner filed the instant § 2255 motion. (Civ. Dkt. 1; Crim. Dkt. 3000). Petitioner argues that the recent United States Supreme Court decision in *Johnson v. United States*, 135 S.Ct. 2551 (2015), in which the Supreme Court held that imposing an increased sentence under the residual clause of the ACCA violates due process, affords him relief.

## II.     PETITIONER'S MOTION IS UNTIMELY

The Antiterrorism and Effective Death Penalty Act of 1996 established a one-year statute of limitations for filing a § 2255 motion. *Lopez v. United States*, 512 F. App'x 1001, 1003 (11th Cir. 2013) (citing 28 U.S.C. § 2255(f)). The one-year period runs from the latest of the following four events:

    (1)    the date on which the judgment of conviction becomes final;

    (2)    the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

    (3)    the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable on collateral review; or

    (4)    the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f)(1)-(4). Petitioner's § 2255 motion is dated May 31, 2016, and it is deemed to have been filed on that date. *Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001) (explaining that a prisoner's § 2255 motion is considered filed on the date it is delivered to prison authorities for mailing which, absent evidence to the contrary, is presumed to be the date the prisoner signed it).

### A.     Timeliness Under § 2255(f)(1)

Petitioner appealed his conviction, and the Eleventh Circuit entered its judgment affirming the conviction on April 27, 1998. Thereafter, Petitioner had until July 27, 1998 to petition the

Supreme Court for review. Petitioner did not do so, and as such, his judgment of conviction became final on July 27, 1998. *See Clay v. U.S.*, 537 U.S. 522, 527 (2003)(stating that after a non-meritorious appeal, "[f]inality attaches when th[e] [Supreme] Court affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari, or when the time for filing a certiorari petition expires").

Since the one-year limitations period began to run on July 27, 1998, Petitioner's § 2255 motion was required to be filed by July 27, 1999 in order to be timely. However, Petitioner did not mail the instant § 2255 motion until nearly seventeen years after the expiration of the one-year limitations period. As a result, his § 2255 motion is untimely.

### B.     Timeliness Under § 2255(f)(3)

Petitioner asserts that his § 2255 motion is timely because it asserts a right to relief based on the Supreme Court's decision in *Johnson v. United States*, 135 S.Ct. 2551 (2015), which was decided on June 26, 2015. Under § 2255(f)(3), a § 2255 motion can be filed within one year of "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable on collateral review." Thus, Petitioner's motion, filed on May 31, 2016, would be timely if *Johnson* falls within the parameters of § 2255(f)(3).

However, Petitioner is afforded no relief because Petitioner was not sentenced under the ACCA and thus, *Johnson* is not applicable to Petitioner's claims.

### III.     CONCLUSION

Petitioner's motion is untimely under § 2255(f)(1) because it was filed more than one year after his judgment of conviction became final, and Petitioner cannot rely on *Johnson* to establish

the timeliness of his motion under § 2255(f)(3). Accordingly, Petitioner's § 2255 motion (Civ. Dkt 1; Cr. Dkt. 3000) is **DISMISSED** as untimely.

The Clerk is directed to close the civil case.

### CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL IN FORMA PAUPERIS DENIED

IT IS FURTHERED ORDERED that Petitioner is not entitled to a certificate of appealability. A prisoner seeking a motion to vacate has no absolute entitlement to appeal a district court's denial of his motion. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability ("COA"). *Id.* "A [COA] may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* at § 2253(c)(2). To make such a showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel,* 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n. 4 (1983)). Petitioner has not made the requisite showing in these circumstances. Finally, because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal *in forma pauperis*.

**DONE AND ORDERED** at Tampa, Florida, this 2nd day of June, 2016.

*[Signature: Susan C. Bucklew]*
SUSAN C. BUCKLEW
United States District Judge

Copies to:
*Pro Se* Petitioner