UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

WILLIAM ZUSCHIN,

    Petitioner,                                                           Case No.: 8:16-cv-1362-T-24MAP

vs.

UNITED STATES OF AMERICA,

    Respondent.

_____/

### **ORDER**

This cause comes before the Court on Petitioner William Zuschin's motion to reconsider order dismissing motion to vacate, set aside, or correct an allegedly illegal sentence pursuant to 28 U.S.C. § 2255 and to appoint the Federal Defender's Office. (Dkt. 5). The United States has filed a response opposing the motion for reconsideration. To the extent the motion asks that the Federal Defender's Office be appointed, it is granted. To the extent it asks for a reconsideration of the Court's order dismissing Petitioner's § 2255 motion, it is denied.

On December 20, 1995, this Court sentenced Petitioner to 360 months incarceration. Petitioner was sentenced as a career offender, but he was not sentenced under the Armed Career Criminal Act ("ACCA"). On May 31, 2016, Petitioner filed his § 2255 motion, arguing that the United States Supreme Court decision in *Johnson v. United States*, 135 S.Ct. 2551 (2015), in which the Supreme Court held that imposing an increased sentence under the residual clause of the ACCA violates due process, afforded him relief.

The Court found that Petitioner's motion was untimely under § 2255(f)(1) because it was filed more than one year after his judgment of conviction became final and that Petitioner could not rely on *Johnson* to establish the timeliness of his motion under § 2255(f)(3). Petitioner's § 2255 motion was dismissed as untimely.

Petitioner asks the Court to reconsider and argues that whether a career offender sentenced under the mandatory guidelines is eligible for *Johnson* relief is an open question in this circuit. However Petitioner is wrong. As the Government points out in its response, Petitioner's argument is foreclosed by *United States v. Matchett*, 802 F.3d 1185, 1193-96 (11th Cir. 2015), in which the Eleventh Circuit held that the vagueness doctrine, upon which the Supreme Court invalidated the ACCA's residual clause in *Johnson,* did not apply to the Advisory Guidelines.  Then in the case of *In re Griffin*, 2016 WL 3002293, at *4-5 (11th Cir. May 25, 2016), the Court determined that the Guidelines, whether advisory or mandatory, cannot be unconstitutionally vague. *See also In re Anderson*, 2016 WL 3947746 (11th Cir. July 22, 2016). Furthermore, the Court concluded in the case of *In re Griffin* that even if *Johnson* applied to the Sentencing Guidelines, the Supreme Court's ruling in *Welch v. United States*, 578 U.S. \_\_\_, 136 S. Ct. 1257, 194 L.Ed.2d 387 (2016), did not make *Johnson* retroactive based on a Guidelines challenge. *Id.*

Accordingly, the Motion to Reconsider is **DENIED**.

**DONE AND ORDERED** at Tampa, Florida, this 14th day of September, 2016.

*/s/ Susan C. Bucklew*
SUSAN C. BUCKLEW
United States District Judge

Copies to: Counsel of Record